UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
FORT LAUDERDALE DIVISION

CASE NO. 00-6066-CR-DIMITROULEAS

UNITED STATES OF AMERICA,    :

    Plaintiff,    :

vs.    :

EUPHEMIA DUNCAN    :

    Defendant.    :
_____/

## DEFENDANT'S OBJECTIONS TO THE PRE-SENTENCE INVESTIGATION REPORT AND MOTION FOR DOWNWARD DEPARTURE

The Defendant, Euphemia Duncan, through undersigned counsel, files her objections to the Pre-sentence Investigation Report (PSI) and respectfully moves for a downward departure from the otherwise applicable guideline offense level, and in support thereof, the defendant states:

### OBJECTIONS TO PRE-SENTENCE INVESTIGATION REPORT

#### Role Adjustment

Ms. Duncan objects to the Probation Officer's failure to recommend a mitigating role reduction pursuant to U.S.S.G. § 3B1.2. According to the facts contained in the PSI and the indictment filed in a related case, two other participants in the offense, Tricia Dixon and Nalio Williams, are more culpable than Ms. Duncan. The indictment for case number 00-6091-CR-Ferguson is attached as defendant's exhibit 1.

The Offense Section of the PSI states that Ms. Duncan introduced Nalio Williams to Tricia Dixon, a teller at Nations Bank after Mr. Williams told Ms. Duncan that the law firm owed him



money. See PSI ¶ 11. Ms Dixon, provided Mr. Williams with the law firm's account balance, tax identification number and the law firms address. Id. With the information provided by Ms. Dixon, Mr. Williams was able to obtain checks bearing the law firm's name. Mr. Williams was able to cash the checks by using false identification in the name of Zarrick Smith.

Ms. Duncan's limited involvement in the offense consisted of writing fifteen checks and accompanying Mr. Williams to the banks when he cashed the checks. However, Ms. Duncan received no compensation for her role in the offense. Because Ms. Duncan is less culpable than Mr. Williams and Ms. Dixon, she respectfully requests the Court to grant her a two level reduction as a minor participant pursuant to U.S.S.G. § 3B1.2(b).

### Offense Conduct

Ms. Duncan objects to paragraph 8 of the PSI which states that Ms. Dixon provided Ms. Duncan with the law firm's account information. Ms. Duncan denies ever receiving any information from Ms. Dixon concerning the law firm's account. Ms. Duncan proffers that Ms. Dixon provided the information directly to Mr. Williams.

### MOTION FOR DOWNWARD DEPARTURE

Ms Duncan respectfully moves for a downward departure from the otherwise applicable guideline offense level for the following reasons taken individually or collectively: (1) Ms. Duncan did not receive any fraudulently acquired funds and (2) Ms. Duncan committed the offense under serious coercion and duress not amounting to a complete defense.

### No Receipt of Fraudulently Acquired Funds

A court may impose a sentence outside the applicable guideline range upon a finding that there exist mitigating circumstances not adequately taken into consideration by the Sentencing Commission in formulating the guidelines. In United States v. Walters, 87 F.3d 663, 671-72 (5th Cir. 1996), the Fifth Circuit held that U.S.S.G. § 5K2.0 provided a statutory basis for a downward departure when a defendant did not receive any of the proceeds in a money laundering and mail fraud scheme. The Walters court reasoned that because the sentencing guideline for money laundering and its commentary made no mention of failure to receive a personal benefit as a mitigating factor, a downward departure was authorized under U.S.S.G. § 5K2.0. Id.

Here, the sentencing guidelines for fraud and its commentary make no mention of the failure to receive a personal benefit as a mitigating factor and Ms. Duncan received no proceeds from the fraudulent scheme. Therefore, this court has the authority to downwardly depart from the applicable offense level in this case.

### Coercion and Duress

A court may decrease the sentence below the applicable guideline range if the defendant committed the offense because of coercion and duress not amounting to a complete defense. U.S.S.G. § 5K2.12. The circumstances of this case warrants a downward departure.

Ms. Duncan proffers that on the day she accompanied Mr. Williams to the banks, she had received a threatening phone call from Ms. Dixon. Ms. Dickson told Ms. Duncan that if Ms. Duncan did not accompany Mr. Williams to the bank, Ms. Duncan would not see her child again. See PSI ¶ 16. Upon receiving the call from Ms. Dickson, Ms. Duncan left work and went to her home where

Mr. Williams was waiting for her with a semi-automatic pistol tucked in his pants. Id Ms. Duncan accompanied Mr. Williams to the banks because she believed Mr. Williams and Ms. Dickson would harm her or her child if she did not go along with the plan. Therefore, Ms. Duncan should receive a downward departure pursuant to U.S.S.G. § 5K2.12.

### Conclusion

Ms. Euphemia Duncan respectfully request that this court sustain her objections to the Pre-sentence Investigation Report and grant her Motion for Downward Departure and impose a sentence which is consistent with the facts and arguments set forth above

Respectfully submitted,

KATHLEEN M. WILLIAMS
FEDERAL PUBLIC DEFENDER

By: _____
Daryl E. Wilcox
Assistant Federal Public Defender
Florida Bar No. 838845
101 NE 3rd Avenue, Suite 202
Ft. Lauderdale, Florida 33301
(954) 356-7436 ext. 112
(954) 356-7556 (fax)

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that a true and correct copy of the foregoing was mailed and faxed this 24th day of May, 2000 to Assistant United States Attorney Robin Rosenbaum, 500 E. Broward Boulevard, 7th Floor, Fort Lauderdale, Florida 33301 and to Edward L. Cooley, United States Probation Office, 299 E. Broward Boulevard, Room 409, Fort Lauderdale, Florida 33301.

_____
Daryl E. Wilcox

4

RSR:mmp

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
FORT LAUDERDALE DIVISION

Case No. **00-6091 CR-FERGUSON**

18 U.S.C. §371
18 U.S.C. §513
18 U.S.C. §1344         **MAGISTRATE JUDGE**
18 U.S.C. §1030(a)(2)(A)      **SNOW**
18 U.S.C. §2

UNITED STATES OF AMERICA    )
                            )
v                           )
                            )
NALIO WILLIAMS,             )
a/k/a Zarick Demetrius Smith, and )
TRICIA DICKSON,             )
                            )
            Defendants.     )
_____)

## INDICTMENT

The Grand Jury charges that:

## COUNT I

1. From on or about May 21, 1996, and continuing thereafter until on or about May 28, 1996, at Broward County, in the Southern District of Florida, the defendants,

**NALIO WILLIAMS,**
a/k/a Zarick Demetrius Smith,
and TRICIA DICKSON,

knowingly and willfully conspired and agreed with each other and with persons known and unknown to the Grand Jury to commit offenses against the United States, that is, to knowingly make, utter, and possess stolen, forged, and counterfeited securities, that is, falsified checks, of The Law Office of Kaplan, Jaffe and Gates, P.A., with the intent to deceive another person and organization, in violation of Title 18, United States Code, Section 513, and to knowingly and willfully execute and attempt to

exhibit 1

execute a scheme and artifice to defraud federally insured financial institutions and to obtain moneys, funds and assets owned by and under the custody and control of federally insured financial institutions by means of false and fraudulent pretenses, representations, and promises, in violation of Title 18, United States Code, Section 1344.

## OBJECT OF THE CONSPIRACY

2. It was the purpose and object of the conspiracy for the defendants to unlawfully enrich themselves by defrauding Barnett Bank, then a federally insured financial institution, by cashing forged and counterfeited checks.

## MANNER AND MEANS OF THE CONSPIRACY

3. It was part of the conspiracy that the defendants caused the creation of counterfeit and forged checks of the organization The Law Office of Kaplan, Jaffe and Gates, P.A., for its Trust Account at Barnett Bank.

4. It was further part of the conspiracy that the defendants cashed the counterfeit and forged checks of the organization The Law Office of Kaplan, Jaffe and Gates, P.A., at various Barnett Bank branches in the South Florida area.

## GENERAL ALLEGATIONS

At various times relevant to this Indictment:

5. Barnett Bank was a financial institution whose accounts were insured by the Federal Deposit Insurance Corporation, and which had branches in Broward County, and throughout the Southern District of Florida, and which was an organization that operated in and the activities of which affected interstate and foreign commerce.

6. Defendant TRICIA DICKSON was a teller at a branch of Barnett Bank located in Hollywood, in Broward County, in the Southern District of Florida. DICKSON's role was to obtain

2

information regarding the Barnett Bank account of the organization The Law Office of Kaplan, Jaffe and Gates, P.A., so that the conspiracy could create and cash counterfeit and forged checks in the name of that account.

7. Defendant NALIO WILLIAMS, a/k/a Zarick Demetrius Smith, was an acquaintance of defendant TRICIA DICKSON. The role of defendant NALIO WILLIAMS, a/k/a Zarick Demetrius Smith, was to secure checks with the name and Barnett Bank account number of The Law Office of Kaplan, Jaffe and Gates, P.A., Trust Account, and to cash those counterfeit and forged checks.

## OVERT ACTS

8. In furtherance of the conspiracy and to effect the object thereof, the following overt acts, among others, were committed in Broward County, in the Southern District of Florida and elsewhere, by one or more of the defendants:

A. On or about May 21, 1996, the defendants TRICIA DICKSON and NALIO WILLIAMS, a/k/a Zarick Demetrius Smith, discussed a scheme to cash counterfeit and forged checks written on the Barnett Bank account of The Law Office of Kaplan, Jaffe and Gates, P.A., Trust Account.

B. On or about May 22, 1996, the defendant TRICIA DICKSON accessed the Barnett Bank computer in excess of her authorized authority to learn account information about the Barnett Bank account in the name of The Law Office of Kaplan, Jaffe and Gates, P.A., Trust Account.

C. On or about May 22, 1996, the defendant TRICIA DICKSON provided account information about the Barnett Bank account in the name of The Law Office of Kaplan, Jaffe and Gates, P.A., Trust Account to defendant NALIO WILLIAMS, a/k/a Zarick Demetrius Smith.

D. On or about May 24, 1996, at Broward County, the defendant NALIO

3

WILLIAMS, a/k/a Zarick Demetrius Smith, was in possession of checks from the Barnett Bank account of The Law Office of Kaplan, Jaffe and Gates, P.A., Trust Account, which bore the pre-printed address "291 N.W. 177TH STREET SUITE 109, MIAMI, FL 33169-4981," which differed from the legitimate checks of the Barnett Bank account of The Law Office of Kaplan, Jaffe and Gates, P.A., Trust Account, which bore the pre-printed address, "2435 Hollywood Boulevard, Hollywood, Florida."

E. On or about May 24, 1996, at Broward County, the defendant TRICIA DICKSON repeatedly accessed Barnett Bank computer information regarding the account balance of the account in the name of The Law Office of Kaplan, Jaffe and Gates, P.A., Trust Account, to monitor the cash withdrawals of co-defendant NALIO WILLIAMS, a/k/a Zarick Demetrius Smith, from that account using the counterfeit and forged checks.

F. On or about May 28, 1996, at Broward County, the defendant NALIO WILLIAMS, a/k/a Zarick Demetrius Smith, attempted to cash counterfeit and forged check number 11254 drawn on the Barnett Bank account in the name of The Law Office of Kaplan, Jaffe and Gates, P.A., Trust Account, in the amount of $980.00, and made out to "Zarrick Smith," at a Barnett Bank drive-in teller position.

G. On or about May 28, 1996, at Broward County, the defendant NALIO WILLIAMS, a/k/a Zarick Demetrius Smith, drove away from the Barnett Bank drive-in teller, leaving check number 11254 and a license in the name of "Zarick Demetrius Smith," when the drive-in teller told him that she was going to verify the signature on the account.

H-X. Counts II through XVIII of this Indictment are adopted and realleged in their entirety as overt acts.

All in violation of Title 18, United States Code, Section 371.

4

## COUNTS II-XVIII

### SCHEME TO DEFRAUD FINANCIAL INSTITUTION

10. Paragraphs 1-8G of this Indictment are incorporated as though realleged in their entirety.

11. On or about the dates set forth below, at Broward County, in the Southern District of Florida, the defendants,

NALIO WILLIAMS,
a/k/a Zarick Demetrius Smith,
and TRICIA DICKSON,

as identified below in the separate counts, knowingly and willfully devised and executed and attempted to execute a scheme and artifice to defraud Barnett Bank, a federally insured financial institution, and to obtain moneys, funds and assets owned by and under the custody and control of Barnett Bank, by means of false and fraudulent pretenses, representations, and promises, in that the defendants caused and attempted to cause the cashing of counterfeit and forged checks drawn on Barnett Bank account The Law Office of Kaplan, Jaffe and Gates, P.A., Trust Account, each in the amount of $980.00, and payable to "Zarrick Smith," as set forth below:

| COUNT | DATE | CHECK NUMBER |
|---|---|---|
| II | 5/24/96 | 11234 |
| III | 5/24/96 | 11235 |
| IV | 5/24/96 | 11236 |
| V | 5/24/96 | 11237 |
| VI | 5/24/96 | 11238 |
| VII | 5/24/96 | 11239 |
| VIII | 5/24/96 | 11240 |
| IX | 5/24/96 | 11241 |

| X     | 5/24/96 | 11242 |
| XI    | 5/24/96 | 11243 |
| XII   | 5/24/96 | 11244 |
| XIII  | 5/24/96 | 11245 |
| XIV   | 5/24/96 | 11247 |
| XV    | 5/24/96 | 11248 |
| XVI   | 5/24/96 | 11249 |
| XVII  | 5/24/96 | 11253 |
| XVIII | 5/28/96 | 11254 |

All in violation of Title 18, United States Code, Sections 1344 and 2.

## COUNT XIX

In or about May, 1996, at Broward County, in the Southern District of Florida, the defendants,

TRICIA DICKSON and
NALIO WILLIAMS,
a/k/a Zarick Demetrius Smith,

did willfully, knowingly, and intentionally access a computer without authorization and exceed authorized access, and thereby obtain information contained in a financial record, that is, information pertaining to the account of the Law Office of Kaplan, Jaffe and Gates, P.A. Trust Account, of a financial institution, the accounts of which were insured by the Federal Deposit Insurance

6

Corporation, that is, Barnett Bank, in excess of $5,000.00.

All in violation of Title 18, United States Code, Sections 1030(a)(2)(A) and 2.

A TRUE BILL

FOREPERSON

THOMAS E. SCOTT
UNITED STATES ATTORNEY

ROBIN S. ROSENBAUM
ASSISTANT UNITED STATES ATTORNEY

7